IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.

**BRICK MARKERS U.S.A., INC.**,

    **Plaintiff,**

v.

**CREATIVE BRICK AND CONCRETE** d/b/a **CREATIVE BRICK & CONCRETE** d/b/a **CREATIVE BRICK** d/b/a **GIFT BRICKS**, and **GLORIA HESS**,

    **Defendants.**

JURY DEMAND

## COMPLAINT

Plaintiff BRICK MARKERS U.S.A., INC. (hereinafter "Plaintiff"), for its Complaint against Defendants CREATIVE BRICK AND CONCRETE d/b/a CREATIVE BRICK & CONCRETE d/b/a CREATIVE BRICK d/b/a GIFT BRICKS and GLORIA HESS alleges as follows:

## NATURE OF ACTION

1. This is an action for patent infringement.

## PARTIES

2. Plaintiff BRICK MARKERS U.S.A., INC. ("BMU") is a corporation organized and existing under the laws of the State of Florida, having a principal place of business at 6985 Garden Road, Riviera Beach, FL 33404.

3. On information and belief, Defendant CREATIVE BRICK AND CONCRETE d/b/a CREATIVE BRICK & CONCRETE d/b/a CREATIVE BRICK d/b/a GIFT BRICKS ("GIFT BRICKS") is operating under the laws of the State of Wisconsin, having a principal

place of business at 2920 99TH Street, Sturtevant, Wisconsin 53177. Upon information and belief, GIFT BRICKS is not incorporated or otherwise organized as a corporation, a limited liability company, or other legal entity designed to shield its owners from personal liability. Upon information and belief, GIFT BRICKS manufactures laser engraved bricks for sale and use throughout the United States, including in this judicial district.

4. Upon information and belief, Defendant, GLORIA HESS, at all times material hereto, was a resident of Wisconsin, and is otherwise *sui juris*, and is or may be concealing her whereabouts, and is or may be subject at least to Fla. Stat. § 48.181.

5. GIFT BRICKS and GLORIDA HESS when referenced collectively hereafter shall be referred to as "DEFENDANTS."

## JURISDICTION AND VENUE

6. This action arises under the patent laws of the United States of America. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

7. This Court additionally has exclusive subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332, as there is diversity of citizenship between DEFENDANTS and BMU, and the amount in controversy, exclusive of interest and costs, is greater than $75,000.00.

8. On information and belief, DEFENDANTS are in the business of manufacturing, marketing, and selling laser engraved bricks, including laser engraving light colored bricks that require an additive to make like colored clay turn black when melted.

9. On information and belief, this Court has personal jurisdiction over the DEFENDANTS in that:

    a. DEFENDANTS operated, conducted, engaged in, carried on business or business venture in Florida pursuant to and within the meaning of Fla. Stat. § 48.193(1)(a)(1) and from which this action arises (a true photograph of a packaging label and package contents attached as Exhibit 1); or

    b. DEFENDANTS have committed a tortious act within the state, pursuant to and within the meaning of Fla. Stat. § 48.193(1)(a)(2) and from which this action arises; or

    c. DEFENDANTS have engaged in substantial and not isolated activity within this state, including the Southern District of Florida, pursuant to and within the meaning of Fla. Stat. § 48.193(2) and from which this action arises, at least by virtue of transaction of business within the State of Florida.

10. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).

## COUNT I – PATENT INFRINGEMENT

11. Plaintiff realleges the allegations set forth above in paragraphs one (1) through ten (10) as if set forth herein in full.

12. This Count I is instituted against DEFENDANTS for patent infringement pursuant to 35 U.S.C. § 271(a) and (g).

13. Plaintiff BMU was formed to create the ultimate permanently engraved bricks for bricks, pavers, and tiles that customers could purchase for use including, but not limited to, brick fundraising, donor recognition, and custom landscape design projects.

14.     Plaintiff BMU is the owner of United States Letters Patent No. 7,238,396 ("the '396 patent").  The '396 patent was duly and legally issued on July 3, 2007.  A true and correct copy of the '396 patent is attached as Exhibit 2.

15.     The '396 patent claims, *inter alia*, a method for vitrescent marking of a substrate comprising:

> placing a substrate to be marked and at least one marking material in reactive contact with each other, wherein the substrate has an outer surface; and
>
> vitrifying the substrate and the at least one marking material together to form a vitrescent marking having an exposed visible vitrified surface area lower than the outer surface of the substrate;
>
> wherein said vitrification comprises irradiating the at least one marking material and the substrate with a radiant energy beam,
>
> wherein the radiant energy beam has a wavelength and energy level sufficient to vitrify the at least one marking material and the substrate to form the vitrescent marking having the exposed visible vitrified surface area lower than the outer surface of the substrate.

16.     DEFENDANTS add a solution that is painted onto light colored pavers prior to laser engraving, and subsequently, the solution is melted into the clay and becomes part of the brick.  A true and correct copy of an email exchange is attached as Exhibit 3.

17.     Plaintiff, on information and belief, and on that basis alleges, formed after an inquiry reasonable under the circumstances, that DEFENDANTS by acts complained of herein, and by making, using, selling, or offering for sale in the United States, including the Southern District of Florida, methods and/or services embodying the invention, have in the past and now continues to infringe the '396 patent, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a).

18. Plaintiff, on information and belief, and on that basis alleges, formed after an inquiry reasonable under the circumstances, that DEFENDANTS by acts complained of herein, and by offering to sell, selling, or using within the United States a product which is made by a process patented in the United States, including the Southern District of Florida, have and continues to infringe the '396 patent, in violation of 35 U.S.C § 271(g).

19. On information and belief, DEFENDANTS will continue to infringe the '396 patent unless enjoined by this court.

20. By reason of the acts of DEFENDANTS alleged herein, Plaintiff has suffered damage and is entitled to compensation for such damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against DEFENDANTS as follows:

A. For judgment declaring that DEFENDANTS have infringed one or more claims of the '396 patent, and will continue to infringe one or more claims of the '396 patent;

B. For a permanent injunction enjoining DEFENDANTS, their successors, assign, subsidiaries and transferees, officers, directors, attorneys, agents, employees, subsidiaries and attorneys, and those persons acting in concert with them, including related individuals and entities, customers, representatives, dealers, and distributors, from making, using, selling, importing, or exporting, or offering for sale the method, or any resulting product made using such method, falling within the scope of the '396 patent, and from all other acts of infringement of any of the claims of the '396 patent;

C. That the Court require DEFENDANTS to file written documentation under oath with this Court and to serve upon Plaintiff within twelve days (12) after service of the injunction

issued in this action, setting forth the manner in which DEFENDANTS has complied with the Order.

  D. That the Court award to Plaintiff the full amount of damages sustained, including all available remedies pursuant to 35 U.S.C. § 271, *et seq.*, including, but not limited to, a reasonable royalty, disgorgement of the profits received by DEFENDANTS, treble damages, and costs, including reasonable attorneys' fees;

  E. For judgment declaring this to be an exceptional case and awarding Plaintiff all remedies pursuant to 35 U.S.C. § 285 including without limitation, its costs of suit, including reasonable attorneys' fees;

  F. That the Court award pre and post judgment interest at the maximum allowable rate on each and every damage award;

  G. For judgment against DEFENDANTS for the maximum penalties determined by the Court to be just and proper; and

  H. For such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff BMU hereby demands trial by jury as to all issues so triable as a matter of law.

Respectfully submitted,

Dated: December 3, 2014

| By: s/Matthew G. McAndrews | By: s/Matthew Sean Tucker |
|---|---|
| Matthew G. McAndrews (IL Bar. 6229799) | Matthew Sean Tucker (Fla. Bar. 90047) |
| **Counsel for Plaintiff** | **Co-Counsel for Plaintiff** |
| Niro, Haller & Niro | Tucker IP |
| 181 West Madison Street, Suite 4600 | 2515 Marina Bay Drive West, No. 202 |
| Chicago, Illinois 60602-4515 | Fort Lauderdale, FL 33312 |
| Telephone: (312) 236-0733 | Telephone: (954) 204-0444 |
| Facsimile: (312) 236-3137 | Facsimile: (954) 358-4946 |
| mmcandrews@nshn.com | mtucker@tuckeriplaw.com |
| | |
| *Attorney for Plaintiff* | *Attorney for Plaintiff* |
| *(to move for admission pro hace vice)* | |